UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY KOZLOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 13-cv-01340-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 14, 20 |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations and is procedurally defective. Petitioner has filed an opposition, and respondent has filed a reply. The motion is granted and the petition is dismissed.

**I.    STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is

excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### A. Background

On September 18, 2008, petitioner was sentenced to 25 years to life plus a consecutive 11- year sentence after pleading guilty to robbery, assault with a firearm and assault with a deadly weapon. Motion to Dismiss ("MTD"), Ex. 1 at 5. The California Court of Appeal affirmed the judgment on February 24, 2009. MTD, Ex. 1. Petitioner did not seek review in the California Supreme Court.

On September 14, 2009, petitioner filed a habeas petition in the California Court of Appeal, which denied relief on September 22, 2009. MTD, Ex. 2.

On February 15, 2012, petitioner filed a habeas petition in Santa Clara County Superior Court. MTD, Ex. 3. The petition was denied on June 11, 2012, on the merits and because the claims were untimely and successive with a citation to *In re Clark*, 5 Cal. 4th 750, 797 (1993). MTD, Ex. 4.

On June 1, 2012, petitioner filed a habeas petition in the California Court of Appeal, which denied relief on June 28, 2012. MTD, Ex. 5.

On July 30, 2012, petitioner filed a habeas petition in the California Supreme Court. MTD, Ex. 6. The petition was denied on October 31, 2012, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). MTD, Ex. 7.

This federal petition was filed on March 25, 2013.

### B. Analysis

The California Court of Appeal affirmed the conviction on February 24, 2009. Petitioner's conviction became final 40 days later, on April 5, 2009, when the time to file a petition with the California Supreme Court expired. *See* Cal. Rules of Court 8.366(b)(1), 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) (petitioner has 40 days from the time the California Court of Appeal issues an opinion to file a petition for review). The statute of limitations expired one year later on April 5, 2010. *See* 28 U.S.C. § 2244(d)(1).

Petitioner will receive tolling for eight days while his first petition in the California Court of Appeal was pending in September 2009. The new expiration date became April 13, 2010. No more action was taken until February 15, 2012, when petitioner filed a petition in Santa Clara County Superior Court. Because the statute of limitations had already expired almost two years before, petitioner is not entitled to any tolling for that petition or for any later filed petitions. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Therefore, the petition is untimely absent equitable tolling.[1]

### C. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35

---

[1] Petitioner argues for a later start date of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner references a letter his trial counsel sent to him on April 11, 2009, that allegedly presented new facts not previously known. Opposition at 4, 6, Ex. B. Assuming this letter could be interpreted as containing new facts, it was sent the same month the statute of limitations commenced and does not aid petitioner's timeliness argument because his present petition was nearly three years late.

1   (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external

2   impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d

3   1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

4         Petitioner argues that he is entitled to equitable tolling due to being transferred to different prisons, which resulted in placement in administrative segregation and lack of access to legal materials. He also argues that he has a mental impairment, Attention Deficit Hyperactivity Disorder ("ADHD"), takes antipsychotic medication and reads at a sixth-grade level.

      Petitioner presents many arguments for equitable tolling for periods before the statute of limitations commenced and after it expired. The Court will focus on the arguments relating to the time when the statute of limitations was running from April 5, 2009, to April 5, 2010. While petitioner presents allegations that he was denied access to the law library for several weeks or even months at a time, he has not met his burden in showing he would be entitled to three years of equitable tolling. Despite his allegations that he was not able to adequately pursue his legal remedies during this time due to transfers and placement in administrative segregation, petitioner was able to file a petition with the California Court of Appeal in September 2009. It is not clear why two and a half years passed before he filed another state habeas petition. Petitioner has failed to meet his burden in showing extraordinary circumstances and reasonable diligence.[2]

      With respect to his arguments concerning his ADHD and antipsychotic medication, petitioner presents only general and conclusory allegations that are insufficient to warrant tolling. Simply that petitioner was diagnosed with ADHD and prescribed Wellbutrin does not support his contention that he was mentally incompetent for several years. Petitioner attaches a few medical reports outlining his treatment and diagnosis but fails to describe how this prevented him from timely filing his petition. To be eligible for equitable tolling due to mental impairment, petitioner must show that: (1) he was unable rationally or factually to personally understand the need to

---

[2] Petitioner offers no specific explanation why he waited five months after the conviction became final to file his first state habeas petition in the California Court of Appeal. Nor does he explain why he waited five months to file this federal petition after the California Supreme Court denial, especially as the federal petition is an exact duplicate of the petition denied by the state court.

1 timely file, or was rendered unable personally to prepare a habeas petition and effectuate its filing;
2 and (2) he must show diligence in pursuing his claims, to the extent he could understand them, but
3 that the mental impairment made it impossible for him to meet the filing deadline under the
4 totality of the circumstances, including reasonably available access to assistance. *Bills v. Clark*,
5 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted).  Petitioner's
6 conclusory allegations with little support fail to meet the standard set forth above and do not
7 entitle him to three years of equitable tolling.  Finally, petitioner's lack of legal sophistication is
8 not, by itself, an extraordinary circumstance warranting equitable tolling.  *Rasberry v. Garcia*, 448
9 F.3d 1150, 1154 (9th Cir. 2006).  For all these reasons, petitioner is not entitled to equitable
10 tolling, and the petition is dismissed as untimely.[3]

## II. CONCLUSION

1. Respondent's motion to dismiss (Docket No. 14) is **GRANTED** and this case is **DISMISSED**.

2. Petitioner's motion for the appointment of counsel (Docket No. 20) is **DENIED** as this case is dismissed.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated:  May 16, 2014

_____
JAMES DONATO
United States District Judge

13-cv-01340-JD-_mtd

---

[3] As the petition is being dismissed as untimely, the Court need not address the argument that the petition is procedurally defaulted.